UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THURMAN GOODMAN, JR.,

    Plaintiff,

v.                                Case No.: 8:20-cv-340-MSS-AAS

FLORIDA POP, LLC d/b/a POPEYES
LOUISIANA KITCHEN,

    Defendant.
_____/

## ORDER

Thurman Goodman, Jr. requests an order relieving him of the duty to provide an expert report, or in the alternative, more time to provide a report if the court decides one is necessary. (Doc. 36). Florida Pop, LLC d/b/a Popeyes Louisiana Kitchen (Popeyes) opposes the motion. (Doc. 38).

### I.  BACKGROUND

Mr. Goodman sued Popeyes for unlawful retaliation against him for trying to claim workers' compensation benefits in violation of Florida Statute § 440.205. (Doc. 28). The case management and scheduling order set a January 8, 2021 deadline for the plaintiff's disclosure of expert reports. (Doc. 24). On January 8, 2021, Mr. Goodman emailed Popeyes with his expert disclosure, identifying Attorney Steven Hovsepian as an expert who would explain to the jury how the workers' compensation system worked in Florida. (Doc. 68, Ex.

A). Mr. Goodman did not provide a report and instead asked Popeyes to stipulate that a report was not necessary. (Doc. 36, ¶ 8). Popeyes did not agree. (*Id.* at ¶ 9).

Mr. Goodman argues the anticipated testimony of Attorney Hovsepian does not lend itself to a report required under Federal Rule of Civil Procedure 26(a)(2)(B). (*Id.* at p. 3). Mr. Goodman asserts Attorney Hovsepian's testimony does not rely on an analysis of facts or documents because his testimony instead stems from his experience as an attorney in the workers' compensation field. (*Id.* at p. 4). Mr. Goodman argues his disclosure meets the requirements under Federal Rule of Civil Procedure 26(a)(2)(C) and requests an order finding the disclosure complies with the rules. (*Id.* at pp. 5–7). In the alternative, Mr. Goodman requests more time for Attorney Hovsepian to prepare a report. (*Id.* at pp. 7–8).

Popeyes argues Mr. Goodman must provide an expert report for Attorney Hovsepian because he is a retained expert with no first-hand knowledge of the litigation but was retained for sole purpose of the litigation. (Doc. 38, pp. 4–5). Popeyes asserts even if Attorney Hovsepian is not a retained expert, Mr. Goodman's disclosure is still inadequate because it lacks the facts and opinions about which Attorney Hovsepian would testify. (*Id.* at p. 5). Popeyes argues Mr. Goodman is not entitled to an extension of time to provide a sufficient

expert disclosure because he failed to show excusable neglect for not requesting an extension before the deadline. (*Id.* at pp. 6–7).

## II. ANALYSIS

Rule 26(a)(2) governs disclosures by expert witnesses. "[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). The rule distinguishes between experts who must provide a written report and those who need not provide a written report.

A witness who "is one retained or specially employed to provide expert testimony in the case" must provide a written report, prepared and signed by the witness.[1] Fed. R. Civ. P. 26(a)(2)(B). Witnesses not retained or specially employed to provide expert testimony need not provide a written report, but the expert disclosures must include the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

---

[1] The report must contain a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; any exhibits that will be used to summarize or support them; the witness's qualifications, including a list of all publications authored in the previous ten years; a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B).

Here, Mr. Goodman specially employed Attorney Hovsepian "as an expert in this case for the purpose of explaining to the jury how the workers' compensation system works in Florida in terms of forms and filing requirements." (Docs. 36, p. 6; 38-1). Thus, Mr. Goodman must provide a written report prepared and signed by Attorney Hovsepian under Federal Rule of Civil Procedure 26(a)(2)(B).[2]

Because the court finds Mr. Goodman's expert disclosure to be insufficient, the court must address Mr. Goodman's alternative request for more time to provide sufficient disclosures. (*See* Doc. 36, pp. 7–8). The court has "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). If a motion for extension is filed before the deadline, then court may grant it "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When a motion is filed after the expiration of the deadline, the moving party also must demonstrate "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is an equitable determination that requires an examination into whether the moving party had a good reason for

---

[2] Even if the court found Attorney Hovsepian to not be specially employed for this case, Mr. Goodman's expert disclosure fails to satisfy the Federal Rule of Civil Procedure 26(a)(2)(C) requirements because it lacked a summary of facts and opinions about which Attorney Hovsepian will testify.

4

not responding timely and whether the opposing party would be prejudiced." *Foudy v. Saint Lucie Cty. Sheriff's Office*, 677 F. App'x 657, 660 (11th Cir. 2017).

Mr. Goodman filed his motion seventeen days past the deadline for expert disclosures. (*See* Doc. 36). But Mr. Goodman filed the motion only four days after receiving from Popeyes an email stating it did not agree to stipulate to the limited disclosure.[3] (Doc. 38, Ex. B). Thus, the court finds Mr. Goodman had a good reason for not filing his motion sooner. Popeyes also identifies no prejudice. Although the discovery deadline is approaching, pretrial motions and the trial date are well over six months away. Thus, Mr. Goodman demonstrates excusable neglect and is allowed more time to provide sufficient disclosures.

## III. CONCLUSION

Thus, the following is **ORDERED:**

1. Mr. Goodman's Motion for Miscellaneous Relief, specifically an order finding expert disclosures sufficient (Doc. 36) is **DENIED.**

2. Mr. Goodman's Motion for Extension of Thirty Days to Provide

---

[3] Popeyes also did not respond to Mr. Goodman's instant motion within the fourteen days specified by the Local Rules. *See* Local Rule 3.01(c), M.D. Fla. Only after the court directed Popeyes to respond and explained that if no response was filed, the court would treat the motion as unopposed, did Popeyes respond. (*See* Docs. 37, 38).

      Expert Report is **GRANTED IN PART.** No later than **March 12, 2021**, Mr. Goodman must provide an expert report that complies with Federal Rule of Civil Procedure 26(a)(2)(B).

**ENTERED** in Tampa, Florida on February 22, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge